UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GOLD, individually and as Trustee of The Michelle Gold Separate Property Trust Dated December 23, 2002 aka The Gold Family Trust; STAR MARTINEZ, Trustee; GONZALEZ-GOLD, individually and on behalf of herself and on behalf of all others similarly situated; and DOES 1-5000,<br><br>    Plaintiffs,<br><br>v.<br><br>US BANCORP et al.,<br><br>    Defendants. | Case No.: 23cv1342-JES (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER; and**<br><br>**(2) DENYING PLAINTIFFS' EX PARTE MOTION**<br><br>**[ECF Nos. 2, 5]** |

Before the Court is Plaintiffs' motion for a temporary restraining order ("TRO"). ECF No. 2. Plaintiffs also filed a related *ex-parte* motion regarding the request for the TRO. ECF No. 5. After due consideration and for the reasons discussed below, the Court **DENIES** Plaintiffs' motions.

//

//

//

//

1

# I. BACKGROUND

## A. The Complaint

Plaintiffs filed this lawsuit on July 21, 2023. ECF No. 1. The complaint, styled as a purported class action, is titled "RICO Complaint" and demands "RESCISSION; INJUNCTION; DECLARATORY RELIEF, AND DAMAGES PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT PRACTICES ACT 18 U.S.C. §§ 1961-1968 et. seq; FALSE CLAIMS ACT 31 U.S.C. §3729 et seq." *Id.*

The complaint is disjointed and difficult to decipher. Plaintiffs start with stating that they seek an emergency injunction staying a writ of eviction that was scheduled for July 21, 2023 at 6:00 a.m.[1] *Id.* ¶ 1. Plaintiffs allege that the eviction was based on forged and fraudulent documents, that the foreclosure was illegal, and that they are the rightful owners of the property. *Id.* ¶¶ 2, 4-5. Plaintiffs further allege that they will suffer irreparable harm because the 3 day notice received was not sufficient. *Id.* ¶ 3. Plaintiffs fail to identify the property that they are being evicted from in the complaint itself, but the motion for a TRO appears to identify the property as located at 3342 Randy Ln, Chula Vista, CA 91910. ECF No. 2 at 5.

In the remainder of this complaint, however, Plaintiffs allege that "[t]his case began with [] purchase of a home in Florida" that was financed with a mortgage and subsequently foreclosed upon. ECF No. 1 ¶ 57. Then elsewhere Plaintiffs allege that there are three properties at issue, though she does not identify what those properties are or whether one is the Randy Lane property. *See id.* ¶ 114. Regardless, Plaintiffs allege that during the course of their investigation into the foreclosure of the Florida property, they discovered that Defendants engaged in fraudulent practices that also occurred in numerous other cases. *Id.* Specifically, Plaintiffs allege that Defendants created mortgage-backed securities that lacked lawful assignments to mortgages to support them,

---

[1] Even though the eviction was alleged to take place on July 21, 2023, the complaint was dated July 21, 2023 and was not docketed until 5:50 p.m., after the eviction would have taken place.

and created fraudulent assignments and notes to use in subsequent foreclosures. *Id.* ¶¶ 63-111.

Plaintiffs allege that the loan on Plaintiff Gold's property was "procured by fraud" by Defendants.[2] *Id.* ¶ 112. Plaintiffs further allege that the loan and mortgage was never registered with MERS and therefore, all subsequent assignments and transfers endorsed by Defendants are void and must be rescinded. *Id.* ¶ 113.

The complaint also includes class allegations related to a class that Plaintiffs propose as "homeowners with mortgages held in any of the MBS trusts listed in Exhibit 'A.'" ECF No. 1. The complaint, as filed, however does not include an Exhibit A. *See generally id.* Regardless, the complaint includes allegations that Defendants did not comply with various requirements as to these trusts and again used fraudulent documents with regards to these trusts. *Id.* ¶¶ 13-17.

The complaint names over 100 individual Defendants. *See* ECF No. 1. The allegations in the Complaint generally group all Defendants together, not attributing any specific causes of action to any specific defendant. Plaintiffs allege widespread doctoring of mortgage documents, fraudulent behavior, and a conspiracy between Defendants to deprive homeowners of mortgage assistance, to Defendants' benefit and benefit of third parties. *Id.* ¶¶ 7-12.

**B.    The Pending Motions**

Concurrent with the filing of the complaint, Plaintiffs filed a motion for a TRO. ECF No. 2. The motion, like the complaint, is difficult to decipher, but Plaintiffs appear to be asking for: (1) an emergency request for an injunction to set aside the eviction and foreclosure; and (2) to consolidate the related state court case, case no. 37-2022-00042825-CL-UD-CTL. Plaintiffs subsequently filed another *ex parte* motion. ECF No.

---

[2] Plaintiffs again do not specify what property this allegation refers to, whether it is the property in Florida or the Randy Lane property or another property.

5. This motion does not appear to seek additional relief from the Court, but instead purports to offer further argument to support the motion for a TRO. *Id.*

## II.   DISCUSSION

### A.   Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) governs the issuance of a TRO. The standard for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Plaintiffs filed the motion for a TRO on July 21, 2023 at 5:52 p.m. *See* ECF No. 2. At this time, the eviction had already taken place. *Id.* at 2. Plaintiff Gold appears to ask the Court to set aside or stay the eviction, arguing that she and her daughter were denied an opportunity to pack their belongings before the eviction and essentially that they do not have a place to go. *Id.* at 4-5.

While the Court is not unsympathetic to Plaintiffs' situation, Plaintiffs have failed to meet the legal requirements to obtain a TRO. Other than arguably irreparable harm, they do not address any of the elements for which it is their burden to address to obtain a TRO. Plaintiff does not address likelihood of success on the merits, and upon independent review of the complaint, it is not clear how the allegations there relate to the Randy Lane property or even what the causes of action are and what facts support them. As to balance of equities and public interest, Plaintiffs do not explain why this Court should set aside, on an emergency *ex parte* basis, an eviction that has been ordered by

another court, in proceedings that have were initiated last year. Even though Plaintiffs now argue that they did not have sufficient time to prepare for the eviction, their own complaint states that they were given 3 days of notice—Plaintiffs do not explain how this was not sufficient time to pack their essential belongings to avoid the harm they claim they suffer. *See* ECF No. 1 ¶ 3.

Accordingly, Plaintiffs have failed to meet their burden to obtain a TRO and so the Court **DENIES** the request for a TRO.

### B. CONSOLIDATION OF RELATED STATE COURT CASE NO. 37-2022-00042825-CL-UD-CTL

In the motion, Plaintiffs also request that their state case, case no. 37-2022-00042825-CL-UD-CTL, be consolidated with the instant case. ECF No. 2 at 7-13. This is not the first time Plaintiffs have made this request. This Court had a previous related case between Plaintiff Michelle Gold, as trustee of the same trust, against several of the same Defendants, involving the same property at Randy Lane and the same underlying state action.[3] *Gold v. National Default Servicing Corporation et al.*, Case No. 22-cv-1232-JLS (AGS). Plaintiff Gold made the same request in that case, and the Court denied the request. *Gold*, Case No. 22-cv-1232, ECF Nos. 23, 30. The Court there noted that the request is procedurally improper because the proper way to place a state law action into federal court is to remove the case under the appropriate federal statutes and that the Court had no authority to remove a case on behalf of a party. *Gold*, Case No. 22-cv-1232, ECF No. 30 at 7-8.

The same reasons preclude the relief Plaintiffs request again. Furthermore, all the authorities that Plaintiffs rely upon relate to when federal cases already in federal court can be consolidated. For example, Plaintiffs cite to Federal Rule of Civil Procedure 42(a), but that statute "cannot be used by a federal court to consolidate an action pending before it with a state court action." *Norman v. Celgene Corp.*, No. CV077174GAFMANX, 2008

---

[3] A Notice of Related Case has been issued for this case to relate it to the previous case. ECF No. 8.

WL 11339102, at *1 (C.D. Cal. July 31, 2008); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (Rule 42 "applies to cases that are properly before the same court. Because this [state court] case is not properly before the district court in Washington, Rule 42 cannot be invoked.").

Accordingly, the Court **DENIES** the request for consolidation of state court case no. 37-2022-00042825-CL-UD-CTL with this action.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion for a TRO and related *ex parte* motion. ECF Nos. 2, 5.

**IT IS SO ORDERED.**

Dated: July 26, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge